67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Davis PASEUR, Petitioner-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS; D. Fiddler; M.
Hodges; E. Contaras; M. Tichner; J. Ratelle;
J. Rowland, Respondents-Appellees.
 No. 94-56247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Davis Paseur, a California state prisoner, appeals pro se the district court's dismissal of his amended complaint for failure to state a claim under 42 U.S.C. Sec. 1983. We dismiss Paseur's appeal for lack of jurisdiction.
 
 
 3
 In a civil case, the notice of appeal must be filed "within thirty days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). An inmate's notice of appeal is deemed "filed" when it is deposited in the prison's mail system. Fed.R.App.P. 4(a)(1) & 4(c). The requirement for timely notice of appeal is jurisdictional. Alexander v. Sacha, 439 F.2d 742, 743 (9th Cir.1971) (per curiam).
 
 
 4
 Here, the district court dismissed Paseur's amended complaint for failure to state a claim in an order entered on May 25, 1994. On June 21, 1994, Paseur deposited in the prison mail system a pleading entitled "notification to appeal and request for continuation of amended complaint." In this pleading, however, Paseur solely requested a 30 day extension to file a second amended complaint. He failed to fulfill the content requirements of a notice of appeal, such as designating the order appealed from or naming this court. See Fed.R.App.P. 3(c). Moreover, there was no indication in the pleading that Paseur was attempting to appeal the district court's dismissal. The district court denied Paseur's request to file a second amended complaint on June 30, 1994, and ordered the case terminated. On August 1, 1994, Paseur deposited a notice of appeal in the prison mail system.
 
 
 5
 We cannot construe Paseur's request for amendment either as a notice of appeal, see Fed.R.App.P. 3(c), or as a motion that tolls the time limit for filing a notice of appeal, see Fed.R.App.P. 4(a)(4). Paseur's notice of appeal, filed on August 1, 1994, was filed more than thirty days after the district court entered its original order dismissing his action. Accordingly, we lack jurisdiction over Paseur's appeal. See Alexander, 439 F.2d at 743.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3